# McCONNELL DOWELL (AMERICAN SAMOA) LIMITED, Plaintiff

## v.

# AMERICAN SAMOA POWER AUTHORITY, AMERICAN SAMOA DISASTER RELIEF OFFICE, Defendants.

High Court of American Samoa
Trial Division

CA No. 98-99

February 17, 2000

Before KRUSE, Chief Justice, TUAOLO, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, William H. Reardon
For Defendant American Samoa Power Authority, Brian M. Thompson
For Defendant American Samoa Disaster Relief Office, Fiti A. Sunia, Assistant Attorney General

ORDER ON DEFENDANT'S ASPA'S MOTION TO STRIKE,
AND ON DEFENDANT ASDRO'S MOTION TO DISMISS

Plaintiff McConnell Dowell ("MD") initiated this action on September 27, 1999. Its complaint alleges eight causes of action against defendants American Samoa Power Authority ("ASPA") and American Samoa

74

Disaster Relief Office ("ASDRO") arising out of a contractual debacle.

## Factual Background

This dispute concerns a contract between the parties to repair damage caused to American Samoa's electrical distribution system by hurricane Val. This "Hurricane Val Contract" was awarded to MD in 1996, but work did not commence until October 1997, having allegedly been delayed by ASPA's failure to issue a Notice to Proceed.

From this inauspicious beginning, the contracted project allegedly became mired in a multiplicity of delays and difficulties too numerous and complicated to describe in this order. MD asserts the following eight causes of action arising from those events: (1) Breach of Contract for Interference with plaintiff's performance of the contract and Failure to Cooperate with plaintiff in the performance of the same, (2) Breach of Warranty for the accuracy of construction drawings, (3) Breach of Warranty for the suitability of construction drawings, (4) Cardinal Changes to the contract, (5) Abandonment of the contract, (6) Unjust Enrichment, (7) Detrimental Reliance, and (8) Misrepresentation.

MD made numerous allegations in support of these claims, three of which were objected to by defendant ASPA. More specifically, ASPA takes issue with the sections of these allegations, numbers 29, 30, and 33, that describe the progress of settlement negotiations between MD and ASPA. On November 16, 199, ASPA filed its motion seeking to strike these sections of the allegations from the complaint, under T.C.R.C.P. 12(f), on the basis that they are "immaterial" and would prejudice ASPA at trial.

ASDRO filed a T.C.R.C.P. 12(b)(6) motion to dismiss all claims on November 17, 1999. MD countered with a memorandum in opposition on January 21, 2000. Counsel submitted the matter on briefs at a hearing held January 24, 2000.

## Discussion

A. ASPA's Motion to Strike

Motions to strike are generally disfavored and will not be granted unless the allegations' supporting information fulfills two criteria. First, it must have no relation to the controversy, and second, it must be unduly prejudicial. *Circuit Sys., Inc. v. Mescalero Sales, Inc.*, 925 F. Supp. 546, 548 (N.D. Ill. 1996).

On the first point, ASPA must demonstrate "that no evidence in support of the allegations would be admissible [at trial]." *Laverpool v.*

*New York City Transit Auth.*, 760 F. Supp. 1046, 1060-61 (E.D.N.Y. 1991). ASPA attempts to meet this requirement by asserting that evidence of the negotiations described in the allegations would be inadmissible under T.C.R.Ev. 408. Rule 408 excludes "evidence of conduct or statements made in compromise negotiations" in hopes of promoting negotiated settlements of disputes.

■ The negotiations described in the disputed allegations constitute "compromise negotiations" as contemplated by Rule 408. Although the parties may not have been involved in a legal dispute when these negotiations occurred, T.C.R.Ev. 408 can exclude evidence of negotiations occurring before legal action is contemplated. *See Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 527-28 (3d Cir. 1995).

■ However, T.C.R.Ev. 408 excludes evidence of compromise only when offered "to prove liability or invalidity of the claim or its amount." The rule "does not require exclusion when the evidence is offered for another purpose . . . ." *Id.* In the present case, MD has alleged that ASPA made misrepresentations and failed to negotiate in good faith. Evidence regarding the conduct of the negotiations mentioned in the contested allegations will be central to proving these claims, and is thus admissible under Rule 408 because it is offered for purposes other than establishing liability or the amount of the claim. The evidence underlying the allegations being admissible, there is no basis for striking the allegations as "immaterial" under T.C.R.C.P. 12(f).

### B. ASDRO's Motion to Dismiss

ASDRO bases its motion to dismiss on T.C.R.C.P. 12(b)(6). This rule directs the court to dismiss complaints that fail to state a claim upon which relief can be granted. ASDRO asserts that MD has failed to allege claims warranting relief for three reasons. First, ASDRO was not a party to the contract in dispute. Second, any tort liability is prevented by MD's failure to adhere to the requirements of the Government Tort Liability Act. Third, ASDRO, as an agency of the government, cannot be sued because there exists no statutory authorization permitting suits against it. We examine each argument in turn.

■ "The . . . standard with motions of the type before us [12(b)(6)] is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Moeisogi v. Faleafine*, 5 A.S.R.2d 131, 134 (Land & Titles Div. 1987) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). In considering a 12(b)(6) motion, the court assumes the allegations in the complaint are true. *Rogin v. Bensalem Twp.*, 616 F.2d 680, 685 (9th Cir. 1980). The burden of proving the absence of a claim rests on the party seeking dismissal.

*Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). For the reasons discussed below, ASDRO has met this burden, and as a result, its motion to dismiss is granted.

ASDRO states that it was not a party to the contract at issue. To support this claim, it paraphrases a portion of allegation number 2 of MD's complaint, stating that "FEMA in turn would utilize ASDRO as its local liaison for funding and administration of the Hurricane Val Contract." ASDRO, however, either missed or chose to ignore the very next sentence, which states that "ASDRO actively participated in the Hurricane Val Contract initiating, requiring drafting and causing changes to the work and Hurricane Val Contract." This allegation clearly labels ASDRO as an active participant in the disputed contract, thus "stating a claim upon which relief can be granted." T.C.R.C.P. 12(b)(6).

■ On the second point, MD's claims lie in contract, not in tort. The Government Tort Liability Act, and its accompanying procedural requirements, are inapplicable.

■ Third, ASDRO asserts that it is protected by the sovereign immunity generally conferred on ASG agencies. An ASG agency may only be sued in its own name if it is established as an entity separate from ASG by statute or the constitution. *Aga v. Am. Samoa Gov't*, 3 A.S.R.2d 130, 131 (Trial Div. 1986). MD has not offered a statute or constitutional provision conferring such status on ASDRO. Rather, MD answers that it is really suing the American Samoa Government ("ASG"), and named ASDRO in the complaint as a courtesy, in order "to identify for the court which specific actors in the ASG were wrongdoers." The accommodating . gesture is noted, but judicial resources could otherwise be put to better use if counsel would heed the law requiring MD to draft its pleadings to name the proper government defendants subject suit.

Because ASDRO cannot be sued as an agency, it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Moeisogi*, 5 A.S.R.2d at 134. Defendant ASDRO's motion to dismiss is therefore granted.

Issues of improperly named defendants, may, however, be addressed under T.C.R.C.P. 15(a), which allows a party to amend a pleading by leave of the court "when justice so requires." In this instance, justice would be better served by allowing MD to amend its complaint to name ASG as a defendant in this instance because to do otherwise would jettison possibly meritorious claims on the basis of a procedural defect.

■ An amendment changing the name of the party against whom the claim is asserted must, however, also meet the mandates of T.C.R.C.P.

15(c). To begin, the claim must arise out of the same "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In addition, Rule 15(c) requires that the party to be brought in by amendment (1) received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The first criterion, that the claim against ASG arise out of the same transaction as that against ASDRO, is obviously satisfied. MD merely named the wrong party. It is not trying to introduce new bases for claims against ASG. Second, ASG's defense will not be prejudiced by the mistake because ASG is already vigorously defending its interests in the case. Third, ASG is aware that MD merely named the wrong party.

The requirements of T.C.R.C.P. 15(c) being satisfied, MD is granted leave to amend the complaint so as to name the proper government defendants subject to suit.

## Order

For the reasons stated above, defendant ASPA's motion to strike is denied; defendant ASDRO's motion to dismiss is granted; however, plaintiff MD is granted 10 days leave to amend its complaint accordingly to name the proper defendants.

It is so ordered.